# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**SPINA MARKETING SERVICES, INC.**  )
                                    )
       **Plaintiff,**            )
                                    )
vs.                                 )   **Case No. 2:14-cv-00330-JEO**
                                    )
**J. MICHAEL MCFADDEN,**            )
**MICHAEL G. O'MARA and**           )
**MERIDIAN ENERGY GROUP, LLC,**     )
                                    )
       **Defendants.**           )

## ANSWER

COME NOW Defendants Meridian Energy Group, LLC, J. Michael McFadden and Michael G. O'Mara and for their answer to the plaintiff's Complaint, state as follows:

1. The defendants plead the general issue, deny all material averments of the plaintiff's Complaint and demand strict proof thereof.

2. The defendants deny any debt owed by them to the plaintiff on an open account.

3. The defendants deny any agreement by them to a stated account.

4. The defendants deny any meeting of minds between the parties as to a stated account and deny any admission of liability to the plaintiff.

5. The defendants deny any misrepresentation by them to the plaintiff.

6. The defendants deny any misrepresentation of any material fact relied upon by the plaintiff.

7. The defendants deny that any damage to the plaintiff proximately resulted from any representation by the defendants and state that all facts known by the defendants were also known by the plaintiff.

8. The defendants deny any duty by them of disclosure to the plaintiff.

9. The defendants deny any fraudulent inducement of the plaintiff and deny that the plaintiff's alleged reliance was reasonable under the facts and circumstances known to the plaintiff.

10. The defendants deny concealment of any material fact from the plaintiff and state that the plaintiff was aware of all facts known to the defendants.

11. The defendants deny any duty of disclosure owed to the plaintiff and deny that the plaintiff suffered any damage as a proximate result of any failure by the defendants to disclose a material fact.

12. The defendants deny interfering in any contractual relation between the plaintiff and any other party.

13. The defendants deny that they were third parties or strangers to any contracts between the plaintiff and other parties, and the defendants state that all of

the business relationships alleged in the plaintiff's Complaint were multi-party relationships.

14. The defendants plead that all actions by them with respect to the business relationships alleged in the plaintiff's Complaint were justified.

15. The defendants plead that the plaintiff's claims are barred by applicable statutes of limitations.

16. The defendants plead that the plaintiff's claims are barred by the statute of frauds.

17. The defendants plead acquiescence by the plaintiff to the terms of business relationships made the basis of the plaintiff's Complaint.

18. The defendants plead the defense of collateral estoppel, stating that the plaintiff has made prior representations in court, under oath, that are contrary to the verified allegations of the Complaint in this case.

19. The defendants plead the defense of judicial estoppel, stating that the plaintiff has made prior representations in court, under oath, contrary to the verified allegations of the Complaint in this case.

20. The defendants plead the defense of failure of consideration.

21. The individual defendants plead lack of capacity to be sued, stating that they were not parties to any contracts or business dealings with the plaintiff.

22.     The defendants plead lack of consideration for any debt or duty purportedly owed by the defendants.

23.     The defendants plead the plaintiff's failure to mitigate damages.

24.     The defendants plead ratification by the plaintiff of the business agreement by which the plaintiff alleges to have been damaged.

25.     The defendants plead the truth of all statements and representations made by them to the plaintiff.

26.     The plaintiff seeks punitive damages. The defendants say that the plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, on the following grounds:

   a.   Plaintiff's claim for punitive damages violates the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution in that it would impose punitive damages, which are penal in nature, against a civil defendant which would deprive the civil defendant of the same procedural safeguards afforded to criminal defendants; and

   b.   Plaintiff's claim for punitive damages violates the defendants' rights to due process pursuant to the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that it fails to provide specific standards for the amount of an award of punitive damages; and

   c.   Plaintiff's claim for punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it fails to provide a reasonable limit on the amount of an award of punitive damages; and

    d.    Plaintiff's claim for punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it is unconstitutionally vague; and

    e.    Plaintiff's claim for punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it would constitute a deprivation of property without due process of the law; and

    f.    Plaintiff's claim for punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that it would permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct; and

    g.    Plaintiff's claim for punitive damages violates the Eight Amendment of the United States Constitution in that it would constitute an excessive fine as well as cruel and unusual punishment; and

    h.    Plaintiff's claim for punitive damages violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution in that it may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

27.    The plaintiff's claim for punitive damages violates the Due Process Clause of the Alabama Constitution (1901), on the following grounds:

    a.    Plaintiff's claim for punitive damages would impose punitive damages, which are penal in nature, against a civil defendant which would deprive the civil defendant of the same procedural safeguards afforded to criminal defendants; and

      b.      Plaintiff's claim for punitive damages fails to provide specific standards for the amount of an award of punitive damages; and

      c.      Plaintiff's claim for punitive damages fails to provide a reasonable limit on the amount of an award of punitive damages; and

      d.      Plaintiff's claim for punitive damages is unconstitutionally vague; and

      e.      Plaintiff's claim for punitive damages would constitute a deprivation of property without due process of the law; and

      f.      Plaintiff's claim for punitive damages would permit the imposition of punitive damages in civil a case in excess of the maximum criminal fine established by Title 13 of the Alabama Code for the same or similar conduct.

28. Plaintiff's claim for punitive damages violates Article I, § 15 of the Alabama Constitution (1901) in that it would constitute an excessive fine as well as cruel and unusual punishment.

29. Plaintiff's claim for punitive damages violates Article I, § 10, Clause 1 of the United States Constitution and Article I, § 22 of the Alabama Constitution (1901) in that it would violate the prohibition against laws that impair the obligations of contracts.

30. Plaintiff's claim for punitive damages would constitute an unreasonable and excessive award in that it bears no reasonable relationship to any harm the

plaintiff allegedly suffered as a result of the defendants' conduct or any harm that actually occurred to the plaintiff.

31. Plaintiff's claim for punitive damages is subject to the "clear and convincing" and "substantial evidence" standards of proof contained in Alabama Code § 6-11-20(4) (1975) pursuant to the Due Process Clause of the Alabama Constitution (1901).

32. The defendants plead the applicable sections of *Alabama Code § 6-11-21*, as amended by the 1999 Regular Session of the Alabama Legislature and as signed into law by the Governor. Specifically, the defendants plead the restrictions and regulations on an award of punitive damages.

33. The defendants further plead all other applicable punitive damage caps currently in the Alabama Code, even if such caps have previously been declared unconstitutional by the Supreme Court, specifically stating that the Alabama Supreme Court has issued an opinion expressing its interest in revisiting the constitutionality of caps on punitive damages.

34. The defendants further assert the principles stated by the United States Supreme Court in *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003) regarding limitations on punitive damage awards, including specifically that punitive damages should not exceed compensatory damages.

>  */s/ Clay R. Carr*
> Clay R. Carr (ASB-5650-C42C)
> **BOARDMAN, CARR, BENNETT, WATKINS,
>    HILL & GAMBLE, P.C.**
> 400 Boardman Drive
> Chelsea, Alabama  35043
> Tel:   (205) 678-8000
> Fax:   (205) 678-0000

## CERTIFICATE OF SERVICE

I hereby certify that on **April 22, 2013**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joseph A. Fawal
FAWAL & SPINA
1330 21st Way South, Suite 200
Birmingham, Alabama 35205

>  */s/ Clay R. Carr*
> OF COUNSEL